■ FLORENCE BRANDENBERG, as Administratrix of the Estate of MATTHEW H. BRANDENBERG, Deceased, Respondent, v. AUGUST TIRINO et al., Appellants, et al., Defendants.— In an action to foreclose a mortgage on real property, defendants Tirino appeal from an order of the Supreme Court, Nassau County, dated July 8, 1969, which denied their motion to vacate a default judgment of foreclosure. Order reversed, on the law, without costs, and motion remanded to said court for a hearing and new determination not inconsistent with the memorandum set forth below. The questions of fact have not been considered. Plaintiff, her representatives, attorneys and agents, and the Sheriff of Nassau County are each hereby stayed for a period of 30 days after entry of the order made hereon from enforcing or taking any steps or proceedings to enforce the writ of assistance granted plaintiff by the order of the Special Term, dated May 22, 1969, and from evicting or taking any steps to evict appellants from the subject premises, provided that appellants file a written consent with the County Clerk of Nassau County, within five days after entry of the order made hereon continuing the use of the security currently on deposit with said County Clerk, to secure payment of all expenses for the maintenance of the subject property, not to exceed $300 per month for the duration of this 30-day stay; and any application to extend this 30-day stay for a period pending the completion of the hearing and new determination to be made by the Special Term on the remand should be instituted at the Special Term. The record indicates that a money judgment by confession was entered against appellant-mortgagor August Tirino and in favor of respondent's decedent in the amount of $11,000, plus interest, costs and disbursements, on January 17, 1968, before the commencement of this action. The record further indicates that the collateral bond executed with the note and mortgage by appellants in 1962 listed moneys advanced to August Tirino, including an undated $11,000 advance. Appellants contend that the $11,000 set forth in the bond was the same $11,000 which was the subject of the confession of judgment in 1968 and that, without the return of execution unsatisfied in whole or in part as to the judgment by confession, the instant subsequent action to foreclose the mortgage (the foreclosure judgment herein was entered in May, 1969) is

barred pursuant to section 1301 of the Real Property Actions and Proceedings Law, which provides: "Where final judgment for the plaintiff has been rendered in an action to recover any part of the mortgage debt, an action shall not be commenced or maintained to foreclose the mortgage, unless an execution against the property of the defendant has been issued * * * and· has been returned wholly or partly unsatisfied." Appellants therefore contend that the court had no jurisdiction to enter a foreclosure judgment against them and consequently the default foreclosure judgment should be vacated under CPLR 5015, (subd. [a], par. 4). In affidavits submitted in support of respondent's position it is denied that the $11,000 judgment in 1968 corresponds to that identical sum listed in the collateral bond. In our opinion, the record below, consisting of conflicting affidavits, is insufficient to determine the basic issue raised by the motion papers, i.e., whether the court had jurisdiction to entertain this foreclosure action in the first instance, under section 1301 of the Real Property Actions and Proceedings Law. A full hearing should be conducted upon remand to the Special Term to determine this issue. Brennan, Acting P. J., Hopkins, Benjamin and Martuscello, JJ., concur; Rabin, J., dissents and votes to affirm the order.